IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| Susanne Becker (*also known as* Susanne Hurd), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-57-M-BR |
| | § | |
| BNSF Rail Road, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Plaintiff Susanne Becker's ("Plaintiff") Complaint against Defendant "BNSF Rail Road" ("Defendant") ("Complaint"). (ECF 3). Plaintiff is proceeding *pro se* in this action. To date, summons has not been requested and Defendant has not otherwise appeared. Nor has Plaintiff paid the requisite filing fee or filed a request to proceed *in forma pauperis*.

The Undersigned's review of Plaintiff's complaint requires the Court to consider the issue of dismissal *sua sponte*, on its own motion.[1] Having considered the Complaint and relevant case law, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Chief District Judge that the Complaint (ECF 3) filed by Plaintiff be DISMISSED for lack of subject matter jurisdiction.

---

[1] Between December 2021 and March 2022, Plaintiff filed a total of eighteen actions in the Northern District of Texas against various defendants. Sixteen of those actions were assigned to Judge Matthew J. Kacsmaryk and were dismissed for lack of jurisdiction or failure to state a claim. Judge Kaczmaryk ultimately "declare[d] Plaintiff a vexatious litigant," sanctioned Plaintiff for "continu[ing] to file frivolous actions and send[ing] dozens of prohibited filings to the Court's emergency filing system and Court email addresses," and "prohibit[ed] Plaintiff from filing any civil action in this District until such sanction was paid. (Order, *Becker v. State of Nebraska*, No. 2:22-CV-047-Z (N.D. Tex. Mar. 21, 2022), ECF 6 at 2).

Before finding "who was right or who was wrong" in a case, a district court should determine whether the claims before it are of such a "trifling" nature to warrant a quick dispatch of the matter. *Raymon v. Alvord lndep. Sch. Distr.*, 639 F.2d 257, 257 (5th Cir. 1981). The Court recognizes "[a] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Id*. Further, federal courts lack federal question jurisdiction in cases in which allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation of N.Y. State v. County of Oneida, New York*, 414 U.S. 661, 666-67 (1974).

## I.   THE COURT'S LIMITED JURISDICTION

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173–180 (1803). The jurisdiction possessed by federal courts as authorized by Constitution and statute cannot "be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A challenge to a court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

The basic statutory grant of federal-court subject-matter jurisdiction is contained in 28 U.S.C. Sections 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction;

Section 1332 allows for "[d]iversity of citizenship" jurisdiction. To properly invoke federal question jurisdiction, a plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946).

A claim invoking federal-question jurisdiction under 28 U.S.C. Section 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable. *Id*. at 682–683; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). The Supreme Court has held that, in order for a claim to arise "under the Constitution or laws of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). The federal questions "must be disclosed upon the face of the complaint, unaided by the answer." *Id*. at 113. "[T]he complaint itself will not avail as a basis for jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id*. (citations omitted).

## II.    LACK OF SUBJECT MATTER JURISDICTION

Plaintiff has not attempted to invoke this Court's limited jurisdiction through Section 1332, the diversity statute. Thus, to invoke federal subject matter jurisdiction, Plaintiff must sufficiently plead a cause of action that "arises" under federal law to be properly before this Court. The Undersigned concludes that Plaintiff has failed to invoke this Court's jurisdiction.

### A.  Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines *at any time* that it lacks subject matter jurisdiction, the court must dismiss the action." *See also Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) ("It is well-settled that subject matter jurisdiction can be raised at any time or even sua sponte by the court"); *Howery*, 243 F.3d

912 at 919 ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties" (*citing Kidd v. Sw. Airlines, Co.*, 891 F.2d 540, 546 (5th Cir.1990))). It is appropriate for courts to consider their limited jurisdiction on their own motions notwithstanding the filing of any answer. *See*, *e.g.*, *Mitchell v. Cent. Bank & Tr.*, 49 F.3d 728 (5th Cir. 1995) (affirming sua sponte dismissal of complaint for lack of subject matter jurisdiction and stating that defendants cannot waive jurisdictional requirement by failing to answer complaint (*citing Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 n.6 (5th Cir. 1989))).

A case is properly dismissed for lack of subject matter jurisdiction when "the court lacks the statutory or constitutional power to adjudicate the case." *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "A court may dismiss for lack of subject matter jurisdiction on any of three grounds: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Manes v. City of Shavano Park*, 95 F.3d 51, at *2 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (reviewing district court's *sua sponte* dismissal of action for lack of subject matter jurisdiction). The party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). *See also Howery*, 243 F.3d at 919 ("We must presume that a suit lies outside th[e] limited jurisdiction [of federal courts], and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

Whether a claim arises under federal law is determnined by the well-pleaded complaint rule. *Lual Marko Deng v. FBI Agencies*, No. 2:20-CV-154-Z-BR, 2021 U.S. Dist. LEXIS

36514, at *9 (N.D. Tex. Jan. 26, 2021) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983)). "The 'well-pleaded complaint' rule has become indispensable to implementing the federal question statute." *Kidd*, 891 F.2d at 542. "Whether a case is one arising under [federal law] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim." *Id.* (alteration in original) (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). However, "mere reference to the Federal Constitution, laws or treaties are not adequate to disclose a federal question, instead the pleadings must spell out a claim integrated with a Federal statute or the Constitution." *Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976).

In addition, "[t]he court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction," such as the appropriate state court. *Ramming*, 281 F.3d at 161.

## B.  Analysis

In the Complaint, Plaintiff alleges that "Susanne Becker left Amarillo, Texas after James Hurd a [sic] employee of BNSF had insurance on her without her consent." (ECF 3 at 1). Plaintiff then presents this "Federal Question": "[W]ould James had volatile [sic] bnsf [sic] insuruance? Would BNSF insurance be involved with Susanne's medical? Does Susanne have information about insurance policies and a police report?" (ECF 3 at 1). The Complaint does not contain any additional allegations. (*See generally id.*).

Although allegations made in a complaint by a *pro se* plaintiff are liberally construed (*see Lual Marko Deng*, 2021 U.S. Dist. LEXIS 36514, at *9), the Complaint presents no claim within this Court's jurisdiction.   While the Complaint characterizes the issue as a "Federal

Question," and cites Public Law 98-76, amending the Railroad Retirement Act of 1974, the Complaint does not confer jurisdiction on this Court by merely referencing this federal statute. *See Ashley*, 410 F. Supp. at 1392. The facts alleged by Plaintiff, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal question jurisdiction is appropriate.

Therefore, in the interest of judicial economy, the Undersigned finds that Plaintiff has failed to invoke jurisdiction of this Court.

### III.    RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Chief District Judge that the Complaint (ECF 3) filed by Plaintiff be DISMISSED without prejudice for lack of subject matter jurisdiction.

### IV.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 1, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).